IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02905-PAB-STV

WILLIAM B. LOVATO,

    Plaintiff,

v.

THOMAS LITTLE, Warden, Colorado State Penitentiary,
DAVID LISAC, Associate Warden, Colorado State Penitentiary,
MAJ. JOHN/JANE DOE #1, Custody Control/ Security Supervisor, Colorado State Penitentiary,
LT. JAMES JOHNSON, Intel Unit Supervisor, Colorado State Penitentiary,
LT. DANIEL DENT, Intel Unit, Colorado State Penitentiary,
SGT. WHITE, Intel Unit, Colorado State Penitentiary,
SGT. JACKIE SCHAAL, Housing Unit Supervisor, Colorado State Penitentiary,
JOHN/JANE DOE #2, Corrections Officer, Colorado State Penitentiary,
JOHN/JANE DOE #3, Corrections Officer, Colorado State Penitentiary,
LARRY WEINGARDNER, Case Manager Supervisor, Colorado State Penitentiary,
DIANA TRAVIS, Case Manager, Colorado State Penitentiary,
HALEY HANSON, Case Manager, Colorado State Penitentiary, and
JAY LUSK, OIG Investigator, Colorado Department of Corrections

    Defendants.

_____

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 114]. The recommendation states that objections to the recommendation must be filed within fourteen days after its service on the parties. Docket No. 114 at 27 n.16; *see also* 28 U.S.C. § 636(b)(1)(C). The recommendation was served on December 7, 2023. *See* Docket No. 114. No party has objected to the recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 114] is **ACCEPTED**.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [Docket No. 89] is **GRANTED in part and DENIED in part**.  It is further

**ORDERED** that plaintiff's claims one, three, and six are dismissed without prejudice.  It is further

**ORDERED** that claim two is dismissed without prejudice as to David Lisac and Maj. John/Jane Doe #1.  It is further

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

**ORDERED** that defendants Thomas Little, David Lisac, Maj. John/Jane Doe #1, Larry Weingardner, Diana Travis, Haley Hanson, and Jay Lusk are dismissed from the case.  It is further

**ORDERED** that Defendant William Littles' Motion to Dismiss [Docket No. 44] is **DENIED as moot**.

DATED January 2, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge