IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 22-cv-02905-PAB-STV

WILLIAM B. LOVATO,

Plaintiff,

v.

CHRISTOPHER WILLER,[1] Corrections Officer, Colorado State Penitentiary,
JACOB MORONES, Corrections Officer, Colorado State Penitentiary,
JAMES JOHNSON, Lieutenant, Intel Unit Supervisor, Colorado State Penitentiary,
DANIEL DENT, Lieutenant, Intel Unit, Colorado State Penitentiary,
WHITE, FNU Sergeant, Intel Unit, Colorado State Penitentiary, and
JACKIE SCHAAL, Housing Unit Supervisor, Colorado State Penitentiary,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 196]. The recommendation addresses Defendants' Motion for Summary Judgment [Docket No. 183]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The undisputed facts are set forth in section II of the magistrate judge's recommendation. Docket No. 196 at 1-5. The Court adopts the undisputed facts in section II for the purposes of ruling on the objection.

[1] The correct spelling of this defendants' surname appears to be Willner. *See* Docket No. 196 at 9-11.

On November 7, 2022, plaintiff William Lovato filed this action, pro se. Docket No. 1. This case arises out of the alleged deliberate indifference of various prison officials to protecting plaintiff from being attacked by gang members. *See generally* Docket No. 196. On April 13, 2023, Magistrate Judge Scott T. Varholak issued an order agreeing to attempt to find pro bono counsel for plaintiff. Docket No. 55. On September 27, 2024, Attorney Meredith R. Callan entered her appearance as pro bono counsel. Docket No. 160.

The remaining defendants in this action are Christopher Willner, Jacob Morones, James Johnson, Daniel Dent, White,[2] and Jackie Schaal. On October 7, 2025, defendants filed a motion for summary judgment on behalf of all defendants on plaintiff's deliberate indifference claims. Docket No. 183. On February 11, 2026, Judge Varholak issued a recommendation to grant the motion for summary judgment. Docket No. 196. On February 25, 2026, plaintiff filed a timely objection to the February 11, 2026 recommendation. Docket No. 197. On April 1, 2026—after receiving an extension of time—defendants filed a response. Docket No. 208.

## II. LEGAL STANDARD

### A. <u>Objections to the Magistrate Judge Recommendation</u>

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific*. United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection

[2] Mr. White's first name is not mentioned in the case caption.

"enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**B. Motion for Summary Judgment**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). A movant who bears the burden at trial must submit evidence to establish the essential

elements of its claim. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

The magistrate judge recommends that defendants' motion for summary judgment be granted. Docket No. 196 at 21. Specifically, the recommendation finds that plaintiff has not raised a genuine issue of material fact that defendants Dent, Willner, Schaal, White, and Johnson were deliberately indifferent. *Id.* at 8-16. The recommendation finds that a reasonable juror could find that defendant Morones was deliberately indifferent to plaintiff's safety, but that he is nonetheless entitled to qualified immunity. *Id.* at 17-21. Plaintiff "objects to the Recommendation's conclusions as to

Defendants Morones, Johnson, and White." Docket No. 197 at 2. Plaintiff generally argues that the recommendation "misapplies Rule 56 by resolving factual disputes and construing key circumstantial evidence against Plaintiff" and that it "misapplies *Farmer* [*v. Brennan*, 511 U.S. 825 (1994)] by demanding direct proof of subjective knowledge rather than allowing a jury to infer knowledge from obviousness, institutional documentation, and cumulative notice." *Id.* at 5. Because plaintiff only objects to the recommendation's findings as to defendants Johnson, White, and Morones, the Court will analyze his objections as to those defendants.

### A. <u>Deliberate Indifference</u>

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (citations omitted). Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates" and "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 832-33 (internal quotations and citations omitted). "To establish a prison official's constitutional liability based on that official's deliberate indifference, a plaintiff must satisfy both objective and subjective components of the deliberate-indifference test." *Mohamed v. Jones*, No. 20-cv-02516-RBJ-NYW, 2022 WL 523440, at *22 (D. Colo. Feb. 22, 2022), *report and recommendation adopted sub nom. Mohamed v. Huddleston*, 2022 WL 22353363 (D. Colo. May 18, 2022) (citing *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

The objective component requires plaintiff to demonstrate that the constitutional deprivation was "sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Farmer*, 511 U.S. at 834). The recommendation finds that plaintiff satisfied the objective element. Docket No. 196 at 7-8. No party objects to this finding. Under the

subjective component, "the prisoner must show that prison officials had subjective knowledge of the risk of harm." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008). Specifically, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "This knowledge may be proved 'in the usual ways, including inference from circumstantial evidence, and a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Howard*, 534 F.3d at 1236 (quoting *Farmer*, 511 U.S. at 842).

**B. <u>Defendant Johnson</u>**

The magistrate judge recommends that summary judgment be granted as to the deliberate indifference claim against defendant Johnson. Docket No. 196 at 16. The recommendation finds that defendant Johnson and defendant White interviewed plaintiff after he was attacked by Hispanic gang members on February 27, 2020 and asked him whether he had any concerns for his safety.[3] *Id.* at 3. While not identified as an undisputed fact, the recommendation finds that plaintiff testified that he requested protective custody during this interview, citing to an exhibit in support. *Id.* at 15. But the recommendation finds that no undisputed facts indicate that plaintiff told defendant Johnson there was an ongoing threat to his safety or that he was fearful of Hispanic gangs. *Id.* The recommendation finds that is it undisputed that defendant Johnson reviewed plaintiff's case file after the February 27, 2020 attack. *Id.* at 3. However, the recommendation finds that plaintiff put forward no undisputed facts indicating what was contained in plaintiff's file. *Id.* at 15-16. The recommendation finds that, due to the lack

[3] It is undisputed that plaintiff suffered two attacks by gang members: one on February 27, 2020 and one on November 23, 2020. Docket No. 196 at 3-4.

of evidence, no reasonable juror could find for plaintiff on his claims against defendant Johnson. *Id.* at 16.

Plaintiff asserts that this conclusion is premised on two legal errors. Docket No. 197 at 6. First, plaintiff argues that the recommendation resolves a credibility dispute about what plaintiff told defendant Johnson after the February 27, 2020 attack. *Id.* at 7. Second, plaintiff argues that a reasonable juror could conclude that defendant Johnson appreciated the risk to plaintiff due to his review of plaintiff's file, alongside other circumstantial evidence. *Id.* at 7-8.

The Court will overrule plaintiff's objections. First, the Court disagrees that the recommendation resolves a credibility dispute in favor of defendants. In his statement of undisputed facts, plaintiff avers that, in the interview following the February 27, 2020 attack, he told defendants Johnson and White that he had been receiving death threats, that he feared for his safety, and that he requested protective custody.[4] Docket No. 188 at 5-6, ¶¶ 28-29. But, as the recommendation observes, plaintiff's evidence does not support these assertions. Docket No. 196 at 15. Rather, the recommendation finds that plaintiff's testimony, cited by plaintiff, merely states that he requested protective custody from defendant Johnson, but does not state that plaintiff told defendant Johnson why he thought protective custody was necessary. *Id.* There is no evidence that plaintiff told defendant Johnson, for example, that he needed protective custody in order to be protected from gangs. After reviewing plaintiff's testimony, Docket No. 188-1 at 2-3, the Court agrees with the recommendation. Thus, the recommendation does not determine whether plaintiff's account of the interview is more credible than defendants' account,

[4] Defendants dispute these facts. Docket No. 192 at 5, ¶¶ 28-29.

but rather finds that plaintiff fails to raise a genuine issue of material fact because plaintiff's asserted fact is not supported by evidence.

Next, plaintiff notes that defendant Johnson testified that plaintiff's file likely contained information regarding plaintiff's gang affiliations and past assaults and fights. Docket No. 197 at 7. Plaintiff argues that this, combined with plaintiff having requested protective custody, is enough for a reasonable juror to infer that defendant Johnson was aware of an ongoing substantial risk to plaintiff. *Id.* at 7-8. Plaintiff's theory about why this is material seems to be that, if defendant Johnson was aware of such risk, he could have placed plaintiff in protective custody after the February 27, 2020 attack, which would have prevented the November 23, 2020 attack from happening. This argument fails for multiple reasons. First, plaintiff has not put forward defendant Johnson's testimony as an undisputed fact. But even if plaintiff had done so, defendant Johnson's testimony about what the file "likely" contained is speculative, and "[s]uch speculation does not give rise to a genuine issue of fact." *Jones v. Azar*, 772 F. App'x 692, 698 (10th Cir. 2019) (unpublished). Moreover, even if plaintiff's file contained information about plaintiff's gang affiliations and past assaults, it is speculative that placing plaintiff in protective custody would have led to plaintiff remaining in protective custody on November 23, 2020, thus preventing the attack.[5] Finally, plaintiff presents no evidence indicating that it would be typical for a prison employee with such information to place a prisoner in protective custody.

---

[5] Plaintiff, for example, provides no evidence indicating how long protective custody typically lasts or that plaintiff would not have been transferred if he had been in protective custody.

As the recommendation notes, "[a]n official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." Docket No. 196 at 7 (quoting *Poore v. Glanz*, 724 F. App'x 635, 639 (10th Cir. 2018) (unpublished)). Here, plaintiff has not presented evidence that there was an obvious risk to his safety, and has not shown a genuine dispute of material fact that defendant Johnson was aware of risk to plaintiff's safety. Thus, the Court will overrule the objection.[6]

**C. Defendant White**

The magistrate judge recommends that summary judgment be granted as to the deliberate indifference claim against defendant White. Docket No. 196 at 12-13. Plaintiff objects to this finding, arguing that the recommendation does not appropriately weigh evidence that could lead a reasonable juror to conclude that defendant White inferred a risk to plaintiff's safety. Docket No. 197 at 9. Specifically, plaintiff notes that defendant White could have drawn such an inference through (a) the fact that plaintiff's

---

[6] Plaintiff argues that *Howard*, 534 F.3d 1227, supports his position that a defendant's knowledge that a plaintiff was previously assaulted by gangs can support a finding that the defendant was aware of a risk to the plaintiff's safety. Docket No. 197 at 8. Plaintiff asserts that *Howard* found that the defendants' subjective awareness could be inferred based on gang context, prior violence, and institutional knowledge. *Id.* But in *Howard*, 534 F.3d at 1238-1240, the plaintiff indicated that he told officials that he was threatened with violence and forced into prostitution, that he identified the prison gang responsible for this treatment, that he filed grievance reports with the prison, and that officials were aware that the plaintiff was especially vulnerable due to his slight build and sexuality. Here, on the other hand, there is no evidence that plaintiff took comparable steps to make defendants aware of any concrete threat to his safety. Even if plaintiff did request protective custody (which, as already noted, was not set forth as an undisputed fact), this is not the equivalent of informing defendants of who the threats came from and what gang may threaten him in the future. Thus, the Court agrees with the recommendation's finding that *Howard* does not support plaintiff's position. Docket No. 196 at 13 n.3.

mother and sister called unidentified Colorado State Penitentiary (“CSP”) staff after the February 27, 2020 attack expressing concern and asking about moving plaintiff to a secure location, (b) through the interview defendant White and defendant Johnson conducted with plaintiff, and (c) through defendant White’s position as an intelligence sergeant.[7] *Id.* at 9-10.

The Court finds that a reasonable jury could not infer from this evidence that defendant White knew plaintiff faced a substantial risk of harm. First, plaintiff presents no fact, disputed or undisputed, that whoever plaintiff’s family members spoke to a CSP communicated their information in such a way that defendant White would have learned of this information. Moreover, even if defendant was aware of this information, plaintiff does not assert any disputed or undisputed facts indicating that, during this call, plaintiff’s mother and sister communicated that plaintiff was at risk of being harmed by Hispanic gang members generally or that plaintiff was previously affiliated with a gang.

Next, even if the Court assumes that defendant White was aware of plaintiff’s gang affiliation through being an intelligence sergeant and through the interview with plaintiff, the Court finds that summary judgment would still be warranted. Like with defendant Johnson, it is speculative that defendant White’s knowledge of plaintiff’s gang affiliation would have prevented the November 23, 2020 attack. Even assuming a prison employee with such knowledge should have put plaintiff in protective custody in February 2020, plaintiff offers no facts or reason to believe that plaintiff would have

[7] Plaintiff does not identify as an undisputed fact that defendant White was an intelligence sergeant.

remained in protective custody on November 23, 2020. The Court will therefore overrule this objection.

### D. Defendant Morones

The magistrate judge recommends that summary judgment be granted as to the deliberate indifference claim against defendant Morones because defendant Morones is entitled to qualified immunity based on the second prong of the qualified immunity test. Docket No. 196 at 18-21.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).

The recommendation finds that a reasonable juror could find that defendant Morones was deliberately indifferent to plaintiff's safety, thus satisfying the first prong of qualified immunity. Docket No. 196 at 18. While the recommendation acknowledges there is conflicting evidence, it finds that, viewing the evidence in the light most favorable to plaintiff, a reasonable juror could conclude that defendant Morones observed a group of inmates outside plaintiff's cell taunting plaintiff at the conclusion of a 24-hour hold, but that defendant Morones nevertheless instructed another prison official to open the door to plaintiff's cell. *Id.* at 17-18. The recommendation further

finds that a reasonable juror could find, in that scenario, defendant Morones should have disclosed the situation to the other prison official and that the doors should not have been opened. *Id.* at 18. The recommendation concludes that, "from these facts, a reasonable jury could conclude that the danger to Plaintiff was so obvious that Defendant Morones should have inferred the existence of a substantial risk of serious harm to Plaintiff yet he ignored that risk and asked [the prison official] to open the door anyway." *Id.*

Plaintiff objects to the recommendation on the basis that the recommendation finds that defendant Morones was deliberately indifferent to plaintiff's safety, but still grants summary judgment to defendant Morones. Docket No. 197 at 10-12. But under the doctrine of qualified immunity, defendant Morones is not liable just because plaintiff has shown evidence that defendant Morones violated plaintiff's constitutional rights. That right must have also been clearly established at the time of the defendant's unlawful conduct.

The recommendation finds that "Plaintiff has not cited any cases that would have clearly established that Defendant Morones violates Plaintiff's constitutional rights under the situation presented here." Docket No. 196 at 20. Therefore, the recommendation finds that defendant Morones is entitled to qualified immunity. *Id.* at 20-21. Plaintiff objects on the basis that he cited cases for the proposition that there is a "right not to be knowingly exposed to a substantial risk of serious harm." Docket No. 197 at 13. But as the recommendation states, "the Supreme Court has 'repeatedly stressed that courts must not define clearly established law at a high level of generality.'" Docket No. 196 at 19 (citing *D.C. v. Wesby*, 583 U.S. 48, 63 (2018)). Instead, "[t]he relevant precedent

must define the right with a high degree of specificity." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (citation and internal quotations omitted). "In short, officers receive qualified immunity unless they could have read the relevant precedent beforehand and known that it proscribed their specific conduct." *Id.* (internal quotations, citation, and alterations omitted). Therefore, the Court rejects plaintiff's assertion that the right at issue is the general right to not be knowingly exposed to a substantial risk of serious harm.

Plaintiff has identified no cases from the Supreme Court or Tenth Circuit where a defendant was found to be deliberately indifferent under the Eighth Amendment after opening an inmate's cell door when there were other inmates taunting the inmate outside the cell, nor has the Court found such a case. To the contrary, the Court has found cases, albeit not binding cases, where the opening of an inmate's cell door despite the existence of potential threats to the inmate's safety did not constitute deliberate indifference. *See Davis v. Brian*, 182 F.3d 916, 1999 WL 503522, at *6 (6th Cir. 1999) (unpublished); *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2022 WL 870596, at *12 (D. Colo. Mar. 11, 2022), *report and recommendation adopted*, 2022 WL 22442777 (D. Colo. Apr. 4, 2022). Therefore, the Court finds that the right to not have a cell door opened when there are taunting inmates outside is not clearly established. Accordingly, the Court finds that defendant Morones is entitled to qualified immunity and will overrule plaintiff's objection.

**E. <u>Unobjected to Portions of the Recommendation</u>**

The magistrate judge recommends granting summary judgment for defendants Dent, Willner, and Schaal. Docket No. 196 at 9-11, 15. Plaintiff does not raise specific objections to the recommendation's findings regarding these defendants. *See generally* Docket No. 197. The Court has reviewed the non-objected to portions of the

recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law and will accept the magistrate judge's recommendation.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 196] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Objection to Recommendation of United States Magistrate Judge Re [183] Motion for Summary Judgment by Defendants [ECF 196] [Docket No. 197] is **OVERRULED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 183] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims against defendant Willner are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant Willner is **DISMISSED** as a party to this action. It is further

**ORDERED** that plaintiff's claims against defendant Dent are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant Dent is **DISMISSED** as a party to this action. It is further

**ORDERED** that plaintiff's claims against defendant Schaal are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant Schaal is **DISMISSED** as a party to this action. It is further

**ORDERED** that plaintiff's claims against defendant White are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant White is **DISMISSED** as a party to this action. It is further

**ORDERED** that plaintiff's claims against defendant Johnson are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant Johnson is **DISMISSED** as a party to this action. It is further

**ORDERED** that plaintiff's claims against defendant Morones are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant Morones is **DISMISSED** as a party to this action. It is further

**ORDERED** that this case is closed.

DATED August 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge