IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 22-cv-02905-PAB-STV

WILLIAM B. LOVATO,

Plaintiff,

v.

CHRISTOPHER WILLER,[1] Corrections Officer, Colorado State Penitentiary, JACOB MORONES, Corrections Officer, Colorado State Penitentiary,
JAMES JOHNSON, Lieutenant, Intel Unit Supervisor, Colorado State Penitentiary,
DANIEL DENT, Lieutenant, Intel Unit, Colorado State Penitentiary,
WHITE, FNU Sergeant, Intel Unit, Colorado State Penitentiary, and
JACKIE SCHAAL, Housing Unit Supervisor, Colorado State Penitentiary,

Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Motion to "Re-set" my Whole Legal Proceeding and Law-Suit [Docket No. 211] and plaintiff's Motion for Response from the Court [Docket No. 212]. No responses have been filed to the motions.

## I. BACKGROUND

On November 7, 2022, plaintiff William Lovato filed this action, pro se. Docket No. 1. This case arises out of the alleged deliberate indifference of various prison officials to protecting plaintiff from being attacked by gang members. *See generally* Docket No. 196. On April 13, 2023, Magistrate Judge Scott T. Varholak issued an order agreeing to attempt to find pro bono counsel for plaintiff. *See* Docket No. 55. On

[1] The correct spelling of this defendant's surname appears to be Willner. *See* Docket No. 196 at 9-11.

September 27, 2024, attorney Meredith R. Callan entered her appearance as pro bono counsel. Docket No. 160.

On October 7, 2025, defendants filed a motion for summary judgment. Docket No. 183. On February 11, 2026, Judge Varholak issued a recommendation to grant the motion. Docket No. 196. On August 24, 2026, the Court overruled the plaintiff's objection to Judge Varholak's recommendation and granted defendants' motion for summary judgment. Docket No. 209. On August 25, 2026, the Court entered final judgment and closed the case. Docket No. 210.

On September 18, 2026, plaintiff filed a Motion to "Re-set" my Whole Legal Proceeding and Law-Suit. Docket No. 211. Plaintiff's motion purports to identify ten reasons for "re-set[ting] [his] whole legal proceeding,"[2] *id.* at 1-2, but focuses on attorney Callan's performance, namely, that she failed to deliver legal materials to Mr. Lovato, that she failed to elicit helpful testimony during plaintiff's deposition, and that she failed to withdraw as Mr. Lovato's attorney despite plaintiff terminating her representation on August 7, 2026. *See, e.g.*, *id.* at 2-5. Accordingly, plaintiff requests that the Court effect Ms. Callan's withdrawal as plaintiff's attorney and hold "a hearing in trial." *See id.* at 6-7, 9.

---

[2] The stated reasons are: (1) that Ms. Callan refused "to tell the Court" about his termination of her representation or "change [plaintiff's] mailing address" so that he could "get my own legal-motion without her falsely representing me"; (2) "Conflict of Interest for Failure to Serve Two Masters"; (3) "Violating All of My Due Process Rights and Proceeding"; (4) "Intentional-Infliction"; (5) "Concealment of My Own Property For Illegally Withholding My Motions From The Judge And Other Lawyers"; (6) "Ineffective-Assistance of Counsel"; (7) "Illegal-Misconduct"; (8) "False Representation"; (9) "Coercion with" Judge Varholak; and (10) "Violating All Of My Due Process Right (For) Failure To Serve Two Masters."

On September 21, 2026, plaintiff filed a Motion for Response from the Court. Docket No. 212. This motion largely repeats the facts and requested relief from plaintiff's prior motion. However, plaintiff also states that Ms. Callan "violated all of [plaintiff's] due process rights" and asks the Court "to appoint [him] new counsel" and to "send [him] all [his] own legal mail." *Id.* at 2-4.

On October 13, 2026, Ms. Callan moved to withdraw as plaintiff's counsel. Docket No. 213. The Court granted her motion the same day. Docket No. 214.

On November 2, 2026, plaintiff filed a notice of appeal. Docket No. 215. On November 5, 2026, the Tenth Circuit abated the appeal subject to this Court entering an order on plaintiff's outstanding motions. Docket No. 218.

## II. ANALYSIS

The Court liberally construes[3] plaintiff's filings as the following: (1) a motion to terminate his attorney-client relationship with Ms. Callan, (2) an ineffective assistance of counsel claim against Ms. Callan, (3) a request for Ms. Callan to provide him with the legal files necessary to pursue his appeal, (4) a motion to be appointed counsel, and (5) a motion under Fed. R. Civ. P. 60(b) to reopen the case.

The Court will begin with the claims related to Ms. Callan. First, plaintiff's motion to terminate his attorney-client relationship with Ms. Callan is moot. *See* Docket Nos.

---

[3] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

213, 214. Second, as to his claim of ineffective assistance of counsel, "[t]he Tenth Circuit . . . has long made clear that ineffective assistance of counsel is not grounds for relief in a civil case." *Doe v. Indep. Sch. Dist. No. 3 of Okmulgee Cnty.*, 2024 WL 3669469, at *3 (E.D. Okla. Aug. 6, 2024) (citing *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006)). Instead, "[i]f a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Nelson*, 446 F.3d at 1119. Finally, the Court declines to rule on plaintiff's request for his files. The Court notes that plaintiff made his request before the Court granted Ms. Callan's motion to withdraw. There is not sufficient information before the Court to conclude that Ms. Callan has failed to return any client files at the conclusion of the relationship. *See* Colo. RPC 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled.").

Next, as to plaintiff's motion to be appointed counsel, plaintiff has made several such motions. *See* Docket Nos. 3, 53. The Court denied plaintiff's motion for appointment of counsel, Docket No. 19, but granted his motion for appointment of pro bono counsel, predicated on an attorney being willing to represent plaintiff. Docket No. 55. That led to Ms. Callan entering her appearance on plaintiff's behalf as pro bono counsel. Docket No. 160. Here, plaintiff does not seek pro bono counsel but appointment of paid counsel. Docket No. 212 at 2-3. The Court does not find that plaintiff has met the standards noted in Docket No. 19 and will deny the request.

Finally, the Court addresses plaintiff's motion to reopen the case under Fed. R. Civ. P. 60(b). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Because plaintiff does not specify which Rule 60(b) rationale might apply, the Court construes his motion as falling under 60(b)(6), which permits the Court to "relieve a party . . . from a final judgment" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) relief is even more difficult to attain" than other Rule 60(b) grounds, *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation omitted), and is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Here, plaintiff fails to argue that the circumstances are "unusual or compelling." While the Court liberally construes plaintiff's motion given his pro se status, it cannot serve as his advocate. *See Hall*, 935 F.2d at 1110.

## III. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Motion to "Re-set" my Whole Legal Proceeding and Law-Suit [Docket No. 211] and plaintiff's Motion for Response from the Court [Docket No. 212] are **DENIED**.

DATED November 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge